No. 12992

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF DECLARING ALAN BERRY
HENDERSON A Dependent and Neglected
Child.

---

Appeal from:   District Court of the Eighth Judicial District,
               Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

    For Appellant:

        McCarvel, Barron and Conner, Great Falls, Montana
        Dennis Conner argued, Great Falls, Montana

    For Respondent:

        J. Fred Bourdeau, County Attorney, Great Falls,
         Montana
        Norman L. Newhall III, Deputy County Attorney,
         argued, Great Falls, Montana
        Robert Tucker, Great Falls, Montana
        Thomas Mahan, Helena, Montana

---

                            Submitted:  September 24, 1975

                             Decided:  NOV 2 6 1975

Filed:  NOV 2 6 1975


*Thomas J. Kearney*
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the mother of a sixteen month old child from an order of the district court, Cascade County, declaring the child to be dependent and neglected and awarding permanent custody to the State Department of Social and Rehabilitation Services.

Appellant Eileen Chambers is the seventeen year old unwed mother of Alan Barry Henderson, Jr. Alan Henderson, the father, is the mother's first cousin.

On August 1, 1974, when the child was two weeks old, the parents voluntarily gave temporary custody to the Cascade County Department of Public Welfare. The child was returned to the mother on September 3, 1974, when she established a home for him with the financial assistance of an Aid to Dependent Children grant.

On October 10, 1974, the welfare department was requested to pick the child up from the home of a baby sitter. The mother had taken the child to the baby sitter, left for Spokane, Washington and failed to return for the child. The welfare department filed a petition for temporary custody on October 11, 1974 and the court awarded it temporary custody. The Department of Social and Rehabilitation Services petitioned for permanent custody on November 4, 1974. Following a hearing on the petition, District Judge Truman Bradford on January 17, 1975, held Alan Barry Henderson to be a dependent and neglected child and awarded custody to the Department of Social and Rehabilitation Services with the right to assent to the child's adoption.

Only the mother appeals from this judgment. The father does not appeal.

The issues presented for review are:

1) Was the infant "dependent" or "neglected" within the meaning of section 10-1301, R.C.M. 1947?

2) Did the district court abuse its discretion in granting the Department of Social and Rehabilitation Services permanent custody and the right to assent to the adoption?

Section 10-1301, R.C.M. 1947, defines a neglected or dependent child:

"* * *

"(2) 'Abuse' or 'neglect' means:

"(a) The commission or omission of any act or acts which materially affect the normal physical or emotional development of a youth, any excessive physical injury, sexual assault or failure to thrive, taking into account the age and medical history of the youth, shall be presumptive of 'material affect' and nonaccidental; or

"(b) The commission or omission of any act or acts by any person in the status of parent, guardian or custodian who thereby and by reason of physical or mental incapacity or other cause, refuses, or with state and private aid and assistance is unable to discharge the duties and responsibilities for proper and necessary subsistence, education, medical or any other care necessary for his physical, moral and emotional well-being.

"(3) 'Dependent youth' means a youth who is abandoned, dependent upon the public for support, and who is destitute or is without parents or guardian or under the care and supervision of a suitable adult or who has no proper guidance to provide for his necessary physical, moral and emotional well-being. A child may be considered dependent and legal custody transferred to a licensed agency if the parent or parents voluntarily relinquish custody of said child." (Emphasis supplied.)

Section 10-1314, R.C.M. 1947, provides that if a child is found to be abused, dependent or neglected, the district court may transfer legal custody to the Department of Social and Rehabilitation Services.

There is substantial evidence to support the district court's decision that the infant is dependent and neglected. Testimony at the permanent custody hearing elicited these facts: The mother did not devote sufficient time to care for the baby adequately. Her social worker, Mrs. Ford, never saw her pick up, hold, or play with the baby, the infant was either in his crib

- 3 -

or not at the apartment. On two occasions Mrs. Ford found the baby overheated and soaked with sweat because a portable heater had been placed too close to his crib. The apartment was always dirty and unkept. One time when Mrs. Ford arrived for an appointment the mother was in bed, two men were hiding in the bathroom and beer cans were strewn around the apartment. These facts are sufficient to establish neglect. The mother did not discharge her duties and responsibilities for the proper and necessary subsistence and care of the child or provide a suitable home and environment for him.

The testimony also reveals the mother abandoned the infant by taking him to a baby sitter, who was to care for him for only one night, and then taking off to Spokane, Washington, and not returning for her child. After caring for the infant for two days the baby sitter's mother called the welfare department and requested that it take over the care of the child. The mother did not return to Great Falls until October 15, 1974, five days after the department assumed responsibility for the child.

At that time Mrs. Ford arranged a meeting with her to plan for the child's future, but the mother broke this appointment and went back to Spokane. Mrs. Ford did not hear from her again until November 12, 1974, approximately one month later. During this time the child was dependent upon the Department of Public Welfare for his care and support. This evidence supports a finding of abandonment.

In awarding custody the best interests of the child are the paramount concern. In the Matter of Declaring Jones and Peterson Children Dependent and Neglected Children, ____Mont. ____, 539 P.2d 1193, 32 St.Rep. 910; In re Olson Children, 164 Mont. 431, 524 P.2d 779; In re Julia Ann Bad Yellow Hair, 162 Mont. 107, 112, 509 P.2d 9.

This Court stated in In re Adoption of Biery, 164 Mont. 353, 356, 522 P.2d 1377:

> "What is, or what is not in the best interests of the child depends upon the facts and circumstances of each case. The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of abuse of discretion."

On review of the proceedings of the district court, we find there is substantial credible evidence to support the decision of the district court and there was no abuse of discretion.

Accordingly, the judgment of the district court is affirmed.

_____
                                    Justice


We concur:

_____
        Chief Justice

_____

_____
        Associate Justices