No. 13045

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF DOUGLAS FISHER, JOHN
FISHER and IVAN RONQUILLO, Youth in
Need of Care.  Division of Child
Welfare Services Department of Public
Welfare of Montana,

                    Petitioner and Respondent,

        -vs-

GLORIA FISHER,

                    Respondent and Appellant.

---

Appeal from:   District Court of the Thirteenth Judicial,
               Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Vernard C. Anderson, Jr. argued, Billings, Montana

    For Respondent:

        Harold Hanser, County Attorney, Billings, Montana
        Thomas Mahan argued, Helena, Montana

---

                          Submitted:  November 13, 1975

                            Decided:  FEB - 5 1976

Filed:  FEB  5 1976

_Thomas J. Kearney_
                    Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

A mother appeals from a judgment of the district court, Yellowstone County, which adjudged her three minor children to be "youth in need of care" and awarded permanent custody to the Department of Social and Rehabilitation Services.

Appellant is a 25 year old mother of 3 young children, one of whom was born out of wedlock. Tragic circumstances left the mother destitute and the children fatherless. Because of circumstances which do not need recitation, the mother has a history of contact with the welfare department since 1969.

The Department of Social and Rehabilitation Services took temporary custody of the children in January 1974 and by stipulation returned them to the mother on or about August 16, 1974, only to retake them on December 31, 1974. A petition for permanent custody was filed on January 20, 1975, and was heard on March 21, 1975, without a jury.

These issues are presented for review:

1. Whether there is a privileged communication between a welfare social worker and a mother with whom she is working, so that the worker cannot testify against the mother in a child custody proceeding; and, further, whether anything in the file of the welfare department can be used against the mother in the proceeding.

2. Whether there was sufficient evidence for the district court to remove the children from their mother under the provisions of section 10-1301, R.C.M. 1947.

We need not resolve the first issue because of our determination that there was not sufficient credible evidence to support the finding by the district court that these minor children were "youth in need of care".

Section 10-1301, R.C.M. 1947, provides:

"Definitions. (1) 'Child' or 'youth,' for purposes of this act, means any person under eighteen (18) years of age.

"(2) 'Abuse' or 'neglect' means:

"(a) The commission or omission of any act or acts which materially affect the normal physical or emotional development of a youth, any excessive physical injury, sexual assault or failure to thrive, taking into account the age and medical history of the youth, shall be presumptive of 'material affect' and nonaccidental; or

"(b) The commission or omission of any act or acts by any person in the status of parent, guardian or custodian who thereby and by reason of physical or mental incapacity or other cause, refuses, or with state and private aid and assistance is unable to discharge the duties and responsibilities for proper and necessary subsistence, education, medical or any other care necessary for his physical, moral and emotional well-being.

"(3) 'Dependent youth' means a youth who is abandoned, dependent upon the public for support, and who is destitute or is without parents or guardian or under the care and supervision of a suitable adult or who has no proper guidance to provide for his necessary physical, moral and emotional well-being. A child may be considered dependent and legal custody transferred to a licensed agency if the parent or parents voluntarily relinquish custody of said child.

"(4) 'Youth in need of care' means a youth who is dependent or is suffering from abuse or neglect within the meaning of this act."

Appellant submits that she has done nothing so heinous as to warrant having her children taken from her forever. She argues specifically that the findings of fact numbered 9 through 15 by the district court do not conform to the evidence. Those findings state:

"9. That the natural mother * * * has been unable to provide for her children's normal physical, moral and emotional development; that it has been necessary to place the said children in the custody of the Welfare Department on various different occasions due to the mother's inability to care for the children.

"10. That on August 16, 1974, the above matter was continued by the Court for a period of six (6) months; that physical custody of the said minor children was returned to the respondent and certain guidelines were set out for her to follow.

"11. That the respondent has failed to follow these guidelines and has failed to cooperate with the Welfare Department in caring for her children.

"12. That on November 7, 1974, and November 27, 1974, the respondent requested the Welfare Department to place her children in the Billings Children's Receiving Home.

"13. That the respondent has moved numerous times and has failed to keep the Welfare Department advised of her current address.

"14. That the respondent on December 25, 1974, entered into a written agreement with her mother-in-law * * * placing permanent custody of the said children with * * * [the mother-in-law].

"15. That said children are youth in need of care and it is in their best interest that their custody be granted to the Department of Social and Rehabilitation Services of the State of Montana, with the right of adoption, so plans can be made for their future security and welfare."

Respondent Division of Child Welfare Services maintains that there is sufficient credible evidence of "youth in need of care" and relies heavily on a "REPORT TO THE COURT" from the Yellowstone County Department of Public Welfare. Upon careful review of the record we are in accord with appellant.

It is well established that this Court's function on appeal is to determine whether there is sufficient credible evidence to support the district court's findings. Crncevich v. Georgetown Recreation Corp., _____Mont._____, 541 P.2d 56, 32 St.Rep. 963,966; Richardson v. Howard Motor Co., 163 Mont. 347, 351, 516 P.2d 1153.

Respondent Division of Child Welfare Services called eight witnesses at the hearing on the petition for permanent custody. Their testimony did not establish that appellant had "abused" or "neglected" her children within the meaning of section 10-1301, or that they were "dependent youth" under that statute. At most it was only clear that appellant had difficulty in finding a permanent home for her family. Necessarily then the remaining evidence before the district court ---the "REPORT TO THE COURT" from the

Yellowstone County Department of Public Welfare---must establish "youth in need of care" by substantial credible evidence if the judgment of the district court is to stand.

The report is a "Summarized History" of appellant's contacts with local welfare agencies. It contains entries for 35 dates covering the period from 1969 to early 1974. Many of the entries are not even material to the issue of whether appellant's children are "youth in need of care". Other notations are rank hearsay or come from unidentified sources and likewise should have been disregarded by the district court. It is impossible to categorize its contents as substantial credible evidence.

Granted appellant and her children have encountered difficulties. The tragic death of a husband and father has had a large impact on their lives. Suitable housing and a decent job are problems for many in our society, but such adversity should not cause us to dissolve the family absent a concrete showing that it is in the best interest of the children involved. (See In the Matter of Declaring Henderson, a dependent and neglected Child, _____Mont._____, 542 P.2d 1204, 32 St. Rep. 1154, 1157, and cases cited therein.)

The legislature has declared the policy of this state for abused, neglected, and dependent children in section 10-1300, R.C.M. 1947, which provides:

> "It is hereby declared to be the policy of the state of Montana:
>
> "(1) to ensure that all youth are afforded an adequate physical and emotional environment to promote normal development;
>
> "(2) to compel in proper cases the parent or guardian of a youth to perform the moral and legal duty owed to the youth;
>
> "(3) to achieve these purposes in a family environment whenever possible; and
>
> "(4) to preserve the unity and welfare of the family whenever possible." (Emphasis supplied).

In the instant case at the hearing on petition for permanent custody, we hold there was not substantial credible evidence to support findings No. 9, 11 and 15 of the district court which bottomed the district court's conclusions of law and judgment that these children should be taken from their mother and permanent custody awarded to the Department of Social Rehabilitation Services. This was a clear abuse of discretion by the district court.

Following from such a failure of proof, the legislative policy to preserve the unity and welfare of the family must prevail.

The judgment of the district court is reversed and the case is remanded to that court for entry of an order not inconsistent to what has been stated herein with such further consideration being given the welfare of the children and the mother on a current basis as may be indicated.

_Wesley Castles_
Justice

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_John Conway Harrison_

_Gene B. Daly_
Justices.

- 6 -