No. 13217

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF DECLARING
REBECCA LYNN BURGDORF and
KELLY RAY BERRY, Dependent
and Neglected Children.

---

Appeal from:   District Court of the Fourth Judicial District,
               Honorable Edward Dussault, Judge presiding.

Counsel of Record:

   For Appellant:

      Sadler and Balyeat, Missoula, Montana
      H. John Sadler, argued, Missoula, Montana
      *Balyeat*

   For Respondent:

      Robert L. Dechamps III, County Attorney, Missoula,
      Montana
      Lon J. Dale, Deputy County Attorney, argued,
      Missoula, Montana
      Susan Weiland, Deputy County Attorney appeared,
      Missoula, Montana
      Thomas Mahan argued, Helena, Montana

---

                           Submitted:   June 4, 1976

                           Decided: JUN 3 0 1976

Filed: JUN 3 0 1976

*Thomas J. Kearney*
                              Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the natural mother of two minor children from a judgment of the district court, Missoula County, the Hon. Edward T. Dussault presiding. Permanent custody of the children with the right to consent to adoption was awarded to the Department of Social and Rehabilitation Services of the state of Montana.

Shortly after moving to Missoula in February 1974, appellant mother contacted the Missoula County Department of Public Welfare for assistance. Following an investigation, a petition was filed in May 1974, requesting the Department of Social and Rehabilitation Services be awarded temporary custody of the two minor children. This petition was granted by the district court for a period of 90 days.

In September 1974, another petition was filed seeking an order extending the period of temporary custody another 90 days and compelling appellant to submit to physical and psychological examinations. This petition was granted in October 1974.

A third petition was filed in February 1975, requesting permanent custody of the children be placed in the Department of Social and Rehabilitation Services. This petition was heard in July 1975, by the district court sitting without a jury. Upon setting forth findings of fact and conclusions of law, the district court entered judgment awarding permanent custody to the Department of Social and Rehabilitation Services. From this judgment the mother appeals.

Three issues are presented for review:

(1) Is section 10-1301(2)(a) and (b), R.C.M. 1947, vague and overbroad in violation of the United States and Montana Constitutions?

(2) Were the constitutional rights of appellant and the children protected during the neglect proceedings?

(3) Were the best interests of the children served by removing them from appellant?

As stated by this Court in State ex rel. Lane v. District Court of the Fourth Judicial District, _____Mont._____, 535 P.2d 174, 32 St.Rep. 492, 494:

> "The presumption of validity attends every legislative enactment and the burden of proving invalidity of a statute rests upon one attacking the statute."

A statute will be declared constitutional unless a clear violation of fundamental law is shown, Noll v. City of Bozeman, 166 Mont. 504, 534 P.2d 880, 32 St.Rep. 415, 417.

Section 10-1301(2)(a) and (b), states:

"(2) 'Abuse'or 'neglect' means:

> "(a) The commission or omission of any act or acts which materially affect the normal physical or emotional development of a youth, any excessive physical injury, sexual assault or failure to thrive, taking into account the age and medical history of the youth, shall be presumptive of 'material affect' and nonaccidental; or

> "(b) The commission or omission of any act or acts by any person in the status of parent, guardian or custodian who thereby and by reason of physical or mental incapacity or other cause, refuses, or with state and private aid and assistance is unable to discharge the duties and responsibilities for proper and necessary subsistence, education, medical or any other care necessary for his physical, moral and emotional well-being."

This Court recognizes the general rule that statutes imposing civil burdens must be clear and explicit. State ex rel. State Board of Education v. Nagle, 100 Mont. 86, 90, 45 P.2d 1041. Appellant urges no specific objection to section 10-1301(2), R.C.M. 1947, but concludes it is unconstitutionally vague. We disagree. We find the section is not ambiguous or uncertain under the facts of this case, as to the conduct or the standards it prescribes.

- 3 -

Appellant's second issue contends that she or her children were denied due process of law because no hearing was held prior to or immediately after the removal of the children from appellant's custody. Hearing on the first petition for temporary custody was held on June 18, 1974. The record fails to show exactly when the children were physically taken from appellant's custody. However, it does indicate this occurred prior to May 10, 1974, when the petition was filed. There is nothing in the record to explain why the hearing was delayed for over one month. Nor is there a showing of any prejudice to appellant or the children as a result of the delay. The record does not show appellant requested an earlier hearing. On the other hand, the record does show appellant was represented by counsel throughout the proceedings, and a guardian ad litem was appointed prior to the final hearing for permanent custody to represent the children. Appellant received notice and had an opportunity to be heard on both petitions for temporary custody as well as the petition for permanent custody. From these facts, we find no violation of due process rights.

Appellant's third issue argues the district court erred in granting custody of the children to the Department of Social and Rehabilitation Services rather than first exploring other means of helping the family which would have a less drastic impact on appellant's custodial rights. While we appreciate the importance of the parent's custodial rights, the welfare of the children, not the parent, is the primary consideration. A child's best interests are not always served by retaining custody in the natural parent. Matter of Declaring Jones and Peterson Child.,Etc., _____Mont._____, 539 P.2d 1193, 32 St.Rep. 910.

Here the district court entered these findings of fact:

"V.   That in April and May of 1974, Kelly Ray Berry was neglected as designated in Sec. 10-1301(b), R.C.M. 1947, and this neglect was caused by his mother's refusal or inability to follow professional advice in seeking the necessary medical treatment for his well-being.

"* * *

"X.   That Beatrice (Burgdorf) (Berry) New is unable to provide the necessary long term guidance, and has been unwilling to seek the necessary professional treatment to provide for the special care and treatment of Rebecca Lynn Burgdorf."

The district court is charged by section 10-1314, R.C.M. 1947, to protect the welfare of the children. Specific relief is within the discretion of the district court. Its decision will not be disturbed on appeal unless there has been a manifest abuse of discretion. In re Corneliusen, 159 Mont. 6, 9, 494 P.2d 908. The district court heard all of the evidence and issued findings of fact showing the children to be neglected and appellant either unwilling or unable to care for them. Appellant had two 90 day periods within which to utilize the help offered to her but failed to do so.

Appellant directs our attention to Matter of Fisher, _____ Mont. ____, 545 P.2d 654, 33 St.Rep. 183, where we reversed the judgment of the district court that the children be taken from their natural mother. We found from a study of the complete record that there was insufficient evidence to support the district court's finding of fact that the children were "youth in need of care" as defined in section 10-1301, R.C.M. 1947.

We distinguish Fisher from the present case. Here, we do not have a complete record. Appellant, with advice of counsel, waived the presence of a court reporter. Thus, we have no transcript of the proceedings in the district court. The record we do

have supports the district court's findings of fact as to appellant's medical problems and the need to place custody of these children in the Department of Social and Rehabilitation Services.

Appellant also raises several issues concerning standard of proof and sufficiency of the evidence. As we have no transcript, we do not consider those issues.

For other case citations on the best interests and welfare of children, see # 13247, In the Matter of Declaring George Ernest Bessette, Jr., and Jean Paul Bessette, Youths in Need of Care, v. Lynn Marie Bessette, decided today.

Judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -