No. 13318

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

MUZZETTE STUBBEN, formerly
MUZZETTE AZURE on behalf of
RAMONA AZURE and PEPITA AZURE,

                Petitioner and Appellant,

    -vs-

FLATHEAD COUNTY DEPARTMENT OF
PUBLIC WELFARE,

                Defendant and Respondent.

---

Appeal from:  District Court of the Eleventh Judicial District,
             Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        McGarvey, Lence & Heberling, Kalispell, Montana
        Jon L. Heberling argued, Kalispell, Montana

    For Respondent:

        Patrick M. Springer, County Attorney, Kalispell,
         Montana
        Randy K. Schwickert argued, Kalispell, Montana
        Thomas Mahan, Helena, Montana

---

                Submitted:  October 21, 1976

                Decided:  NOV 16 1976

Filed:  NOV 16 1976

Thomas J. Kearney
                   Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a denial of habeas corpus petition in the district court of Flathead County involving two minor children.

On November 4, 1974, Judge Sykes declared two minor children of petitioner Muzzette Stubben (formerly Muzzette Azure) and Peter Azure to be dependent neglected children. At that time the children were two years old and eight months old. The parents and both sets of grandparents were present at the hearing. Notice of entry of judgment was served on Muzzette on December 20, 1974. The children were placed in a foster home and have been living there since. On June 10, 1975, a notice of appeal was filed. On October 10, 1975, petitioner Muzzette filed this habeas corpus petition in the district court collaterally attacking the judgment entered in 1974. The grandparents then withdrew their appeal and the petition was heard and denied by Judge Sykes on December 30, 1975.

Three issues were presented and argued before this Court.

1. Was the habeas corpus petition a proper remedy in the case?

2. Did the petitioner have standing?

3. Does due process require the appointment of counsel for children in a dependent neglect proceeding or at a minimum does the record affirmatively show that the court consider exercising its discretion to appoint counsel?

We answer all three issues in the negative.

Here the petitioner Muzzette had an adequate remedy of appeal which was not exercised and the law has long been settled that generally habeas corpus will not be granted where the adequate remedy has not been taken advantage of. Ex parte Solway, 82 Mont. 89, 265 P. 21; Petition of Grady, 165 Mont. 531, 530

P.2d 461; 39 Am Jur 2d, Habeas Corpus, § 21; 39 C.J.S. Habeas Corpus §§ 3 & 4. Nor can the fact that petitioner has allowed time to elapse within which her appeal could have been taken give her any right to resort to habeas corpus. 39 C.J.S. Habeas Corpus § 8.

Petitioner argues that the failure to appoint counsel for the children in the dependent neglect hearing is grounds for issuing the writ. Not so! The fact the court did not appoint counsel here was due to the fact that under our statutes appointment of counsel is not mandatory. Judge Sykes considered the question and found that the Flathead County Department of Welfare, through its counsel, properly represented the children.

Counsel argues that there is a persuasive developing trend that calls for the appointment of counsel for children in neglect cases. However, only one state, New York, has ordered counsel in all cases and two jurisdictions (Oregon and Pennsylvania) in cases, depending upon the circumstances. No reference is made to whether these jurisdictions made the change through judicial decision or through the legislative process.

We next consider petitioner's standing as the natural mother to petition on behalf of her children.

The voluminous files of the district court show that the rights of the children have been fully protected in the prolonged legal proceedings involving not only the children but the petitioner. Here, the Welfare Department has made multiple investigations and given every consideration to protecting these children. Petitioner has always been adequately advised by counsel. The maternal and paternal grandparents have been before the court with counsel in efforts to not only salvage the petitioner's first marriage, but to help these children with the parents. Judge Sykes' memorandums show thoughtful consideration

- 3 -

in trying to solve the problems presented to him which ultimately necessitated the placement of the children in the control of the Welfare Department. The cases relied on by petitioner were not factually in point for in each of them the parents did not have proper notice. After all the hearings, the court found properly that it was in the childrens' best interests that the various rights argued for be terminated. These findings and conclusions were not challenged and we find petitioner does not have standing to now petition for her children.

The last issue is directed to the constitutionality required in protection of the childrens' interests in a dependent neglected children proceeding.

Petitioner relies upon a recent (1974) case from Oregon, State ex rel. Juv. Dept. of Multnomah Cty. v. Wade, Or.App, 527 P.2d 753. This is the only case found that counsel must be provided as a matter of due process of law. None of the other cases cited directly support petitioner's argument.

Our statute, a part of our recently adopted Youth Court Act, Section 10-1310(12), R.C.M. 1947, states:

> "(12) The court may at any time on its own motion, or the motion of any party, appoint a guardian ad litem for the youth, or counsel for any indigent party." (Emphasis supplied.)

The statute clearly vests discretionary powers in the court and here the court found that the interests of the children were adequately protected without appointing additional counsel. While petitioner argues that under the due process clause of both our state and/the federal constitution the appointment of counsel is mandatory, she weakens her argument by saying the trial court erred in failing to consider the appointment of counsel and that a showing in the record that the trial court did exercise this measure of discretion is constitutionally required in a proper dependent neglected children hearing. Not so! The records of

the case clearly show that the trial court did show that it was aware of the argument and properly exercised its discretion.

As noted previously these children have been in a foster home for over two years. The problems of the parents have been before the courts for a long period.

At the time of oral argument certain representations were discussed by counsel which were not considered by the district court or the Welfare Department and we suggest that a further investigation might be made, a decision which we leave to the district court.

With this comment we affirm the judgment.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. L. C. Gulbrandson, District
Judge, sitting in place of Mr.
Justice Wesley Castles.