No. 13922

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

IN THE MATTER OF INQUIRY INTO
J.J.S., Youth In Need of Care.

---

Appeal from: District Court of the Seventh Judicial District, Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

John R. Prater argued, Terry, Montana

For Respondent:

V. G. Koch, County Attorney, Sidney, Montana
Richard G. Phillips, Deputy County Attorney, argued, Sidney, Montana
Thomas Mahan, Helena, Montana

---

Submitted: March 7, 1978

Decided: APR - 3 1978

Filed: APR - 3 1978

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the natural parents of a minor child from a judgment of the District Court, Richland County. In the judgment, permanent custody of the child with the right to consent to adoption was awarded to the Department of Social & Rehabilitation Services (SRS) of the State of Montana.

The minor child was born to appellants on July 9, 1975, in Dickinson, North Dakota. At the time of his birth, his father was 26 years old and his mother was 16 years old.

In 1976, the family moved to Wolf Point, Montana. On or about March 24, 1976, the father was in jail for drunkenness. It was at this time that appellants first came into contact with SRS, through the Roosevelt County Welfare Department. The welfare department enrolled the father in an alcohol treatment program in Havre, which he attended for about a week. On April 19, 1976, he was arrested for driving while intoxicated. From March until July 1976, the appellants and their minor child were being assisted by the Roosevelt County Welfare Department.

In July 1976, appellants, with their child, moved to Sidney, Montana. The Roosevelt County Welfare Department referred appellants' case to the Richland County Welfare Department. It first made contact with appellants, in their home, on or about July 23, 1976. The social worker who made the initial contact in Sidney, described appellants' home as "filthy". A follow-up was made on July 27, 1976, and the same filthy conditions existed. The welfare department arranged homemaker services for appellants. Throughout August and September, 1976, these filthy conditions continued. When the social worker made a visit on September 29, 1976,

she found the minor child was crawling around on the floor which was covered with ashes and cigarette remains, and he was eating bread crumbs off the floor. In October 1976, conditions in appellants' home had not improved. There was garbage on the kitchen floor, the child was in wet diapers, soaked and physically filthy. Besides providing homemaker services, welfare arranged for day care assistance for the child. The day care worker testified that when the child was brought in, he was filthy, his hair smelled of urine, and the tops of his feet were black.

The Richland County Welfare Department also got the father into two alcohol treatment programs. He did not finish either one.

On November 19, 1976, the Richland County Welfare Department petitioned the District Court for temporary custody of the minor child. On November 24, 1976, the court granted the petition and the child was placed in a foster home. The welfare department informed appellants that certain improvements would have to be made in their home or their child would be taken from them permanently. The improvements SRS requested were: (1) Full-time employment; (2) abstention from alcohol; (3) effective budgeting to see that expenses for all necessities were met; (4) maintenance of good housekeeping and personal cleanliness; and (5) weekly menu planning and preparation of nutritionally balanced meals. Appellants were given three months to make these improvements.

On February 23, 1977, SRS petitioned for permanent custody. A hearing was held on April 20, 1977. On May 3, 1977, findings of fact and conclusions of law were entered granting permanent custody to SRS. Appellants moved for a

new hearing, which was denied. On July 20, 1977, amended findings of fact and conclusions of law were entered. The custody award was unchanged in the amended findings of fact and conclusions of law. This appeal then ensued.

Two issues are raised on appeal:

1. Did the District Court abuse its discretion by not appointing independent counsel for the child?

2. Did the District Court abuse its discretion in determining that permanent placement with SRS was in the best interest of the child?

In its amended findings of fact and conclusions of law, the District Court specifically found that the appointment of independent counsel for the minor child was unnecessary to insure the development of an adequately complete record of the child's best interests. Appellants argue the District Court abused its discretion in so finding.

This Court has held that the appointment of counsel to represent a minor child in dependency proceedings is not mandatory. The court "may" appoint counsel for the child. Stubben v. Flathead County Dept. of Public Welfare, (1976), ____ Mont. ____, 556 P.2d 904, 33 St.Rep. 1082. The decision in Stubben was based on section 10-1310(12), R.C.M. 1947, which provides that appointment of counsel for the child is within the discretion of the court.

On July 8, 1977, this Court interpreted section 10-1310(12), R.C.M. 1947, again. Still refusing to make the appointment of counsel for a minor child mandatory, we held that where custody is in serious dispute, the trial court shall appoint counsel for the child or make a finding stating the reasons such appointment was unnecessary. In the Matter of the Guardianship of Gullette, (1977), ____ Mont. ____,

566 P.2d 396, 34 St.Rep. 277. Appellants argue that the findings of fact here were amended on July 20, 1977, to bring this case into conformity with Gullette. That may be so, but we fail to see how the District Court abused its discretion in not appointing counsel for the child.

First, since this case was heard and decided prior to our decision in Gullette, the District Court was not required to make any finding on the appointment of counsel for the minor child. It is only in those cases heard and decided after Gullette that such a finding is necessary. Further, the rule is that the appointment of counsel is only necessary when the child needs an advocate to represent his position as to the issues in dispute or to ensure the development of an adequately complete record concerning the best interests of the child. In the Matter of D, (1976), 24 Or.App. 601, 547 P.2d 175. Neither of those situations are present here. The minor child was too young to have any position on the issues and the record of the hearing is adequate to determine the best interests of the child. The District Court did not abuse its discretion in not appointing counsel for the child.

Next, appellants contend the District Court abused its discretion in awarding permanent custody to SRS. They claim they presented the court with a viable alternative to a permanent taking of the child from them. This alternative was to have the child placed in the joint custody of appellants and the child's grandparents, with whom they were living at the time of the hearing. They argue the legislative intent in section 10-1300, R.C.M. 1947, was to preserve the unity and welfare of the family whenever possible. Thus, appellants maintain the court's decision was contrary

to the legislative intent, as they presented the court with an alternative that could preserve the unity of the family.

We find no abuse of discretion by the District Court in awarding permanent custody to SRS. In determining the custody issue, the best interest of the child is the paramount concern. In the Matter of Henderson, (1975), 168 Mont. 329, 542 P.2d 1204. This Court has said:

> "What is, or what is not in the best interests of the child depends upon the facts and circumstances of each case. The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of abuse of discretion." Adoption of Biery, (1974), 164 Mont. 353, 356, 522 P.2d 1377.

Here, there has been no clear showing of an abuse of discretion.

Our summary of the facts shows that the child was neglected prior to the temporary custody award to SRS. Appellants admit they did neglect the child at that time. Between the time of the temporary custody order and the hearing on permanent custody, the evidence shows that appellants had not made the improvements SRS requested.

The father had entered another alcohol treatment program, but he again failed to finish it. He testified that he still drank and had gotten drunk since the child was removed from the home. The testimony indicates the father was working on his stepfather's farm. But, he testified that he went to work there on January 17, 1977. Thus, the father had not had full employment very long prior to the hearing and the evidence shows he had changed jobs 14 or 15 times since appellants were married in 1974. The evidence reveals the mother still needed help in maintaining a clean

house and preparing nutritional meals, even though she had been receiving such help from July to November, 1976 through SRS. Finally, the doctor for the child informed the court, in his report, that the child was emotionally deprived and he would not recommend returning the child to the family, as the child was progressing in the foster home. All this evidence indicates the child was neglected and the improvements needed in the family home had not been met.

Since the proof shows this minor child was neglected, it would not be possible to preserve family unity. It is when there is a failure of proof that the legislative policy to preserve the unity and welfare of the family must prevail. Division of Child Welfare Services v. Fisher, (1976), 169 Mont. 254, 545 P.2d 654. Therefore, the judgment of the District Court awarding permanent custody to SRS was proper. Family unity need not be preserved at the expense of the child's best interests. In Re G., Youths in Need of Care, (1977), ____ Mont. ____, 570 P.2d 1110, 34 St.Rep. 1179.

The judgment of the District Court is affirmed.

Frank I. Haswell
Chief Justice

We Concur:

John Conway Harrison

Daniel J. Shea
Justices