No. 14285

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

THE STATE OF MONTANA, ex rel. C.M.J.,

Relator,

-vs-

THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF
MISSOULA, THE HON. E. GARDNER BROWNLEE, JUDGE THEREOF,

Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Klaus Sitte, Legal Services, Missoula, Montana

For Respondent:

Robert Deschamps, III, County Attorney, Missoula, Montana
Karen Townsend, Deputy County Attorney, Missoula, Montana
Dennis Lind, Missoula, Montana

---

Decided: NOV 6 1978

Filed: NOV 6 1978

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Relator has petitioned this Court for a writ of supervisory control or other appropriate writ directing the District Court of the Fourth Judicial District, Missoula County, the Honorable E. Gardner Brownlee, to grant visitation privileges with the minor child J.L.B. and to stay adoptive proceedings of J.L.B. pending outcome of relator's appeal of the District Court's termination of C.M.J.'s custody of the child.

On October 27, 1977, the Department of Social and Rehabilitation Services (SRS), by and through the County Attorney of Missoula County, filed an action in District Court there, seeking a determination that the minor child J.L.B. is a youth in need of care and that permanent custody of the child and authority to consent to her adoption be granted SRS. A hearing on the petition extended over four days, February 23 and 27, and March 6 and 7, 1978. Judge Brownlee, on March 29, 1978, issued findings and conclusions, and a judgment awarding permanent custody of J.L.B. to SRS and authorizing the Department to arrange and consent to her adoption. Relator filed notice of appeal from the District Court determinations on April 10, 1978, and at the same time, moved for, inter alia, "Visitation Pending Appeal" and "Stay of Adoptive Proceedings Pending Appeal". Those motions were entertained at hearing on April 13, 1978, and were denied.

In her petition for writ of supervisory control, relator asks, in effect, that this Court now grant the motions which were denied below. In support of the petition, she alleges that there is no adequate remedy by appeal and that, unless relief is granted by issuance of an appropriate writ, the

-2-

child would suffer detriment. She claims that her motions are designed to insure that the status quo be maintained, and contends that only when serious evil threatens the welfare of the child should the relief she requests be denied. Reminding us that it is the best interest of the child which guides us in child custody matters, In re J.J.S. (1978), ____ Mont. ____, 577 P.2d 378, 381, 35 St.Rep. 394, 397, and cases cited therein, counsel for SRS contend that, even were it possible to preserve the status quo here, that itself would be harmful to the child. Of considerable significance is that the guardian ad litem of the child likewise contends that preservation of the status quo would be harmful to the child. In his brief amicus curiae, he urges that we deny the relief requested and thus, in effect, uphold the District Court, whose discretion has not been shown to have been abused.

Writs of supervisory control are issued in circumstances of an emergency nature, making consideration of a cause of action or right in the trial courts and due appeal to this Court an inadequate remedy, or in those circumstances when supervision of a trial court, other than by appeal, is deemed necessary or proper. Rule 17(a), Mont.R.App.Civ.P. Phrased otherwise, a writ of supervisory control will issue in those circumstances in which the facts show that a party has no plain, speedy or adequate remedy at law, in which there is no right of appeal from a District Court's order, or in which the District Court has so abused its discretion as to justify intervention by this Court. State ex rel. Woodahl v. District Court (1975), 166 Mont. 31, 38-39, 530 P.2d 780, 785, and cases cited therein. Too, a writ of supervisory control is properly issued to prevent a party's participation in

needless litigation. State ex rel. Buttrey Foods, Inc. v. District Court (1966), 148 Mont. 350, 354, 420 P.2d 845, 847.

In a case such as this, petitioner, in order to prevail, must show that the District Court, which has a superior advantage in ruling on such matters, clearly abused its discretion. See In re Adoption of Biery (1974), 164 Mont. 353, 357, 522 P.2d 1377, 1379.

Relator has failed to show that the District Court abused its discretion by denying her motion for visitation pending outcome of the appeal; consequently, her petition for a writ directing the court to allow such visitation is denied.

The District Court, however, erred in denying the motion to stay the adoptive proceedings pending the outcome of the appeal. This Court is empowered to issue a writ in aid of an appeal which would otherwise be ineffectual. See Bennett v. Dowdall (1971), 157 Mont. 11, 13, 482 P.2d 572, 573. In the instant case, relator's appeal would be ineffectual if the child J.L.B. were adopted during the pendency of the proceedings. A writ thus will issue directing the District Court to stay proceedings concerning the adoption of J.L.B. pending outcome of the appeal to this Court.

Petition for relief granted in part and denied in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-