No. 14438

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MATTER OF M.A.M.,
Youth in Need of Care

---

Appeal from:   District Court of the Thirteenth Judicial
               District,
               Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Ralph Herriott argued, Billings, Montana

    For Respondent:

        Harold Hanser, County Attorney, Billings, Montana
        Robert Waller argued, Deputy County Attorney,
         Billings, Montana
        Damon Gannett argued, Billings, Montana

---

                        Submitted: June 15, 1979

                        Decided: SEP 26 1979

Filed: SEP 26 1979

*Thomas J. Kearney*
                                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The natural mother of M.A.M. (herein referred to as the child) appeals from a judgment of the Yellowstone County District Court declaring M.A.M. to be a youth in need of care, and awarding the permanent care, custody and control of her to the Department of Social and Rehabilitation Services (herein referred to as SRS), with the authority to assent to adoption.

The mother does not contest the District Court's determination that the child was dependent, neglected or abused as defined in section 41-3-102, MCA, under the evidentiary standard of "clear and convincing" as adopted in, In The Matter of Inquiry into J.L.B., Youth in Need of Care (1979), _____ Mont. _____, 594 P.2d 1127, 1137, 36 St.Rep. 896, 902. Rather, she contends that once this determination was made, the District Court abused its discretion in awarding permanent care, custody and control of the child to the SRS, with authority to consent to the child's adoption. She argues that it is too harsh a remedy to permanently deprive her of the custody of her child, and that the better remedy is to return the child to her custody subject to close supervision by the child welfare authorities. The facts, however, fully support the District Court's decision.

The child involved in this matter, is five years of age. On December 28, 1977, the natural mother of the child appeared in the office of the social worker with the Child Protection Unit, and reported that she had physically beaten her child the previous evening, December 27, 1977. Two social workers immediately went to a day care center where the child was playing in order to determine the

-2-

extent of her physical injuries. The social workers discovered that the child had fresh bruises on her back, shoulder, arm, rib cage, and a welt or bruise behind her left ear.

The social workers brought the child to Dr. J. Patrick Sauer for a medical examination. Dr. Sauer determined that the child's bruises had been recently inflicted and caused by repeated strikings with a foreign object. The social workers, based upon Dr. Sauer's report and their own investigation, removed the child from the custody of the natural mother and arranged for foster care. The child's natural mother agreed to this arrangement.

On February 14, 1978, the SRS filed a petition in District Court seeking a decree declaring the child to be a youth in need of care, with her permanent care, custody and control being awarded to the State of Montana, with authority to assent to adoption. Notice of the petition and of the hearing on the issue of child custody were duly issued to the natural mother and father.

On April 14, 1978, the District Court held a custody hearing. The natural mother appeared and was represented by counsel. An attorney appeared on behalf of the child, having been appointed guardian ad litem and counsel for the child. SRS appeared and was represented by the Yellowstone County Attorney. The natural father, served with notice by publication, did not appear.

On May 2, 1978, the District Court entered findings of fact, conclusions of law, and a decree, finding that the child was an abused and neglected child within the meaning of section 41-3-102, MCA, and was a youth in need of care. The court awarded the permanent care, custody and control of the child to SRS, and granted SRS the

-3-

authority to place the child for adoption. As a result of the District Court order, the parental rights of the natural mother were terminated. This appeal followed.

Under section 41-3-102(2)(a), MCA, the commission or omission of any act or acts which materially affect the normal physical or emotional development of a youth constitutes abuse or neglect. Section 41-3-102(4), MCA, provides that a youth who is dependent or is suffering from abuse or neglect is a youth in need of care. Section 41-3-404, MCA, requires the District Court to hold a hearing and determine whether the youth is an abused, neglected, or dependent child, and to determine the cause.

Upon a finding that a child is dependent, neglected or abused, section 41-3-406(1)(b)(i), MCA, permits the District Court to transfer legal custody to SRS, which, of course, was done in this case. There was substantial credible evidence in the record to justify the District Court order permanently depriving the mother of her child.

This Court has in previous decisions recognized that family integrity is a constitutionally protected interest, In The Matter of Inquiry into J.L.B., Youth in Need of Care (1979), ____ Mont. ____, 594 P.2d 1127, 1136, 36 St.Rep. 896, 902; In The Matter of The Guardianship of Doney (1977), ____ Mont. ____, 570 P.2d 575, 34 St.Rep. 1107, and of course the declaration of policy which accompanies the statutes governing termination places emphasis on the preservation of family unity whenever possible (section 41-3-101(1)(d), MCA). But we have also noted that family unity need not be preserved at the expense of the best interests of the child. In the Matter of Inquiry into J.J.S. Youth in Need of Care (1978), ____ Mont. ____, 577 P.2d 378, 35 St.Rep. 394; In Re Gore, Youths in Need of Care (1977), ____ Mont. ____, 570 P.2d 1110, 34 St.Rep. 1179.

The instant case arose following the physical beating of the child by her natural mother on December 27, 1977. On December 28, 1977, two social workers examined the child and discovered she had fresh bruises on her back, shoulder, arm, rib cage, and a welt or bruise behind her left ear. After an examination of the child, Dr. Sauer determined that the child's bruises had been recently inflicted and caused by repeated strikings with a foreign object. Testimony later established that the beating had been administered with a belt or belt buckle.

Julie Goldberg, a social worker employed by Yellowstone County, testified that she was aware of four incidences of abuse that the natural mother had inflicted upon the child. Ms. Goldberg also testified that the child had been placed away from her natural mother in foster care on five separate occasions. Ms. Goldberg further testified that three of the five foster care placements were directly related to incidence of abuse, and the placements had taken place after the acts of abuse had occurred.

Dr. Monty C. Gustafson, a clinical psychologist, testified that the potential for further child abuse by the natural mother was high. He specifically recommended that the child not be returned to the natural mother. David Pierce, a psychiatric social worker, also cautioned against returning the child to the natural mother. During cross-examination, he emphatically reiterated his position.

Based on the totality of circumstances of this record, we cannot find an abuse of discretion in the District Court decision to award permanent custody of the child to SRS.

The judgment of the District Court is affirmed.

_____
Justice

-5-

We Concur:

___Frank I. Haswell_____
Chief Justice

___Gene B. Daly_____

___John Conway Harrison_____

___John C. Sheehy_____
Justices