No. 82-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

IN THE MATTER OF
M.N., R.N., B.N., S.N. and W.N.,
Neglected and Dependent children.

_____

Appeal from:  District Court of the Tenth Judicial District,
              In and for the County of Fergus, The Honorable
              R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

            Torger S. Oaas, Lewistown, Montana
            Craig R. Buehler, Lewistown, Montana

    For Respondent:

            Bradley B. Parrish, Lewistown, Montana
            William E. Berger, Lewistown, Montana

_____

                        Submitted on Briefs:  July 1, 1982

                                    Decided:  August 11, 1982

Filed:
    AUG 11 1982

_____
        Thomas J. Kearney
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal was brought by Mrs. Ann Sparks, the paternal grandmother of the five N. children, who intervened to seek custody of her grandchildren. She seeks to have the judgment, entered by the Honorable R. D. McPhillips, in the District Court of the Tenth Judicial District, granting custody of the five N. children to the Department of Social and Rehabilitation Services (SRS).

The natural parents of the five N. children, M.N., R.N., B.N., S.N., and W.N., have had problems caring for and raising the children over a long period of time. They have had contact with welfare agencies in two other states prior to their arrival in Montana. The N. family came to Fergus County, Montana, to avoid contact with the welfare authorities in the State of Washington. During the period the family was in Fergus County, the youngest child, W.N., was declared dependent and neglected, but was returned to his natural parents.

On October 3, 1980, the SRS received word that the N. family was planning to leave Lewistown. The SRS took emergency custody of all the children at that time and has had custody since.

An adjudicatory hearing was held, pursuant to Section 41-3-404, MCA. At that hearing all five N. children were declared youths in need of care, and they remained in the custody of the SRS. A dispositional hearing, required by Section 41-3-406, MCA, was held Friday, January 29, 1982. At that time Mrs. Sparks, the appellant, testified she moved to Montana in September of 1981 to see what she could do about the kids (grandchildren); that she was presently working, but was planning to move back to Washington. She also testified that she was present at the adjudicatory hearing.

Upon completion of the dispositional hearing, Judge McPhillips entered his judgment terminating the parental rights of, G.N. and J.N, the natural parents of the five N. children and awarding custody to the SRS with the right to con-

sent to adoption. This appeal followed.

The sole issue presented to this Court for review is:

Did the District Court err in awarding custody of the five minor N. children to the SRS, with the right to consent to adoption rather than to their paternal grandmother, Mrs. Ann Sparks?

A grandmother does not, by virtue of her status as a grandparent, have any superior right of adoption or custody to that of a non-relative. Graham v. Childrens Service Division, Department of Human Resources, (1979), 39 Or.App. 27, 591 P.2d 375; In Re the People of the Interest of C.P. and D.P. Children (1974), 34 Colo.App. 54, 524 P.2d 316; Section 41-3-406, MCA, supports this position also. It states:

> "Dispositional Hearing. (1) If a youth is found to be abused, neglected, or dependent under 41-3-404, the court after the dispositional hearing may enter its judgment making any of the following dispositions (emphasis added) to protect the welfare of the youth:
>
> "(a) . . .
>
> "(b) transfer legal custody to any of the following:
>
> "(i) . . .
>
> "(ii). . .
>
> "(iii) a relative or other individual who, after study by a social service agency designated by the court, is found by the court to be qualified to receive and care for youth; . . ."

This section is not mandatory but places the discretion in the District Court whether or not to award custody to a relative. In the Matter of T.J.D., J.L.D. and R.J.W. (1980),_____MT_____, 615 P.2d 212, 37 St.Rptr. 1385, 1390.

Where custody is concerned, the best interest of the children is the paramount consideration. In the Matter of T.J.D., J.L.D. and R.J.W., supra; In Re Gore Youths in Need of Care (1977), 174 MT 321, 570 P.2d 1110; In the Matter of Inquiry into JJS (1978), 176 MT 202, 577 P.2d 378; In the Matter of Burgoff and Berry (1976), 170 MT 116, 551 P.2d 656; In the Matter of Declaring the Jones and Peterson Children Dependent and Neglected Children v.

- 3 -

Peterson (1975), 168 MT 1, 539 P.2d 1193. The District Court in this case gave serious consideration to the grandmother's request but was compelled to balance this with the consideration of the best interest of the children as is evidenced by the Court's Finding of Fact No. IV.

"The paternal grandmother of the five (5) children, ANN SPARKS, has asked for custody of all or any part of the five (5) children. Mrs. Sparks is a widow and 57 years old. She presently works at Eddie's Corner as a cook five (5) nights a week and lives in Moore. Over the past three (3) or four (4) months, she not only obtained employment but has managed to save up FIVE HUNDRED DOLLARS ($500.00). Mrs. Sparks plans to eventually return to Washington where she resides with her 90-year-old father. She, by necessity, has to work for a living. The Court finds that it would be a burden upon Mrs. Sparks to award her custody of the children. The Court finds that in all probability she would be unable to resist the intrusions of both J.N. and G.N.; that it would in the long run be contrary to the best interest of said children or any of them to award custody to Mrs. Sparks, particularly in view of the fact that time is somewhat of the essence and the propensities of the natural parents.

"Further, the Court finds that it is in the best interest of said children that they continue to be placed with the Department of Social Services to continue the excellent progress said children have shown since the Department has had their custody."

Appellant, grandmother, contends that the policy set out in section 41-3-101(1)(d), MCA, of preserving the unity and welfare of the family whenever possible, was not followed by the District Court. But, as this Court has made abundantly clear in its prior decision of In Re the Matter of Inquiry into JJS, supra, "[F]amily unity need not be preserved at the expense of the child's best interest." 577 P.2d at 382.

In the present case both the grandmother and the SRS presented evidence as to their ability to serve the children's best interest. The SRS presented testimony that the children's individual needs outweighed their need to remain together. Contrary to this, Mrs. Sparks brought in a psychologist who testified that separation of siblings causes damage to their emotional development and, therefore, it would be better for the children to place them with Mrs. Sparks. There was also conflicting evi-

- 4 -

dence in other areas concerning Mrs. Sparks' ability to raise the children. Concern was also voiced as Mrs. Sparks testified that she wishes to return to Sedro Wooly, Washington, with the children, which is only 50 miles from where the children's natural parents are now living, that the children might be returned to them.

In considering all the evidence together with such factors as Mrs. Sparks' age, living arrangement and need to work, the District Court entered a judgment finding it in the best interest of the children that custody be awarded to the SRS, with the right to consent to adoption. The District Court's findings enjoy a presumption of correctness, and since there is sufficient credible evidence in the record to support his judgment, we cannot and do not interfere with Judge McPhillips' judgment.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices