No. 12931

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MAURICE CRNCEVICH and
NANCY L. CRNCEVICH,

> Plaintiffs and Respondents and
> Cross-Appellants,

-vs-

GEORGETOWN RECREATION CORPORATION
and EDWARD D. DUNN,

> Defendants and Appellants.

---

Appeal from: District Court of the Third Judicial District,
Honorable James D. Freebourn, Judge presiding

Counsel of Record:

For Appellants:

Radonich and Reardon, Anaconda, Montana
John N. Radonich argued and Tim W. Reardon argued,
Anaconda, Montana

For Respondents:

Hennessey and Winston, Butte, Montana
McKeon and Skakles, Anaconda, Montana
Gregory J. Skakles argued, Anaconda, Montana

---

Submitted: September 12, 1975

Decided: OCT _

Filed: OCT

_Thomas J. Kearney_
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment in an action for collection of a promissory note and for damages arising under a contract for deed rendered by the district court, third judicial district, Deer Lodge County, Judge James D. Freebourn presiding without a jury. Respondents cross-appealed the district court's denial of attorney's fees and of damages to the property involved in the transaction.

In the summer of 1966 the respondents, Maurice L. and Nancy L. Crncevich, negotiated the sale of a certain property known as the Brown Derby, a bar, motel and restaurant located near Georgetown Lake for $72,800. The negotiations were between the Crnceviches and the appellant, Edward D. Dunn. At the conclusion of the negotiations the latter signed a $20,000 promissory note on August 8, 1966, a buy and sell agreement on August 15, 1966, and a contract for deed for deed for $52,800 on September 15, 1966. The buy and sell agreement and the contract for deed were signed by appellant as attorney-in-fact for a Georgetown Recreation Corporation. This corporation by appellant's own admission was never formed and was used only to hide his involvement in this transaction.

One additional fact to this transaction was that the respondents did not own all the land on which the Brown Derby was situated. Approximately 1.9 acres was leased from the U.S. Forest Service. Both the buy and sell agreement and the contract for deed referred to this problem. The buy and sell agreement stated that the " * * * Sellers [respondents] have been reliably informed that the Forest Service is ready, willing, and able to trade other lands in exchange for a patent to the portion not owned * * *." (Emphasis added) Both the buy and sell agreement and the contract for deed contained provisions that would give

appellant his expenses in effecting this trade.

Possession of the Brown Derby was transferred and a third party, William Montgomery, began managing the operation. Montgomery also made payments on the note to the respondents through a Mr. Andre and payments on the contract for deed to the escrow agent, the Flint Creek Valley Bank in Philipsburg, during 1966 and 1967. The payments on both note and contract for deed became delinquent in 1968 resulting in a meeting between appellant, respondent and Montgomery and a $1,200 payment on the note. After this 1968 meeting, appellant and Montgomery worked out an arrangement whereby Montgomery transferred 35% of each days receipts to appellant in an effort to keep the payments on the note and contract for deed current. Despite this effort the payments again became delinquent although appellant did make regular interest payments on the note until the Brown Derby was vacated in September 1972. In the summer of 1972 respondents made another demand for payment in a meeting with Montgomery and received $2,000. Finally a shortage of money forced Montgomery to close and vacate the Brown Derby. Respondents' relatives went into possession of the Brown Derby operating it from November 1972 until respondents, who had returned from California, took over in October 1973.

Montgomery had also been unsuccessful in effecting a trade of land with the Forest Service between 1966 and 1972. Instead a Mrs. Hartley had obtained the Forest Service lease for the 1.9 acres where the Brown Derby was located. She had then traded some other property which she owned to the Forest Service for title to the 1.9 acre Brown Derby parcel.

This action was commenced December 20, 1972, seeking the amounts due and owing under the note and contract for deed, taxes, attorney's fees and special damages from appellants. At the time

of trial the balance owing on the note plus interest was $17,723.83 plus $60,176 owing on the contract for deed. Respondents amended their complaint at trial before District Judge James D. Freebourn to ask in the alternative for specific performance of the contract for deed or return of the land plus damages and expenses incurred, for breach of contract for failure to procure the Forest Service land, and in the alternative for relief because the appellants were guilty of anticipatory breach of contract.

On June 28, 1974, judgment was entered for the respondents awarding $17,723.83 on the note and $35,000 for breach of contract with respect to the 1.9 acres of Forest Service land. On August 29, 1974, Judge Freebourn amended his judgment awarding respondents " * * * $22,723.83 plus whatever is required to correct title to the land in dispute herein not to exceed $35,000. * * *"

Appellant has appealed that judgment to this Court and respondents challenge the district court's denial of attorney's fees and denial of damages and costs of repairing the Brown Derby.

These issues are presented for review:

1. Did the district court err in finding the appellant liable for the balance and interest due on the promissory note which he executed?

2. Was it error for the district court to refuse to grant respondents attorney's fees?

3. Was it error for the district court to fail to award respondents the cost of repairing the Brown Derby and the cost of replacing various items which were part of the Brown Derby?

As to appellant's liability on the note the district court specifically found:

> "That the Plaintiffs [respondents] and Defendant Edward D. Dunn [appellant] entered into negotiations for the purchase of the Brown Derby * * * these negotiations culminated in three instruments-- a promissory note of August 8, 1966; a Buy and Sell Agreement of August 15, 1966; and a Contract

- 4 -

for Deed of September 15, 1966.

"That the Georgetown Recreation Corporation was
nonexistent * * * and that Edward D. Dunn was
the party responsible on these instruments.

" * * *

"That the promissory note of August 8, 1966,
was given as a down payment for the purchase of
the Brown Derby, and the entire principal and
interest is now due and owing on such note in the
sum of Seventeen Thousand Seven Hundred Twenty-Three
and 83/100 ($17,723.83) Dollars." (Emphasis added)

Appellant argues that the district erred because the
promissory note was part of a single transaction and that since
the respondent elected to recover the land rather than specific
performance under the contract for deed, there can be no recovery
on the note.

On appeal this Court must inquire only as to whether
there is substantial credible evidence to support such a finding
by the district court. See Richardson v. Howard Motor Co. 163
Mont. 347, 351, 516 P.2d 1153; State Highway Comm. v. West Great
Falls Flood Control and Drainage District, 155 Mont. 157, 468 P.2d
753, and Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48, and
cases cited therein.

To determine the intention of the parties as to the in-
dependence of these instruments the district court had this evi-
dence before it:

(1) The note was signed by appellant and makes no ref-
erence to any other instrument. It was executed on August 8,
1966, in the amount of $20,000 at 7% interest. (2) The contract
for deed makes no reference to the note. It was executed on
September 15, 1966, in the amount of $52,800 at 7% interest.
(3) The escrow instructions at the Flint Creek Valley Bank in
Philipsburg made no reference to the note. (4) Both parties
acknowledged the note was intended as a down payment. (5) Appel-
lant took special pains to insure that respondents received all

- 5 -

interest payments on the note up until September 1972, while showing no such concern for the payments under the contract for deed. We conclude that this amounts to sufficient credible evidence and that appellant's argument fails.

Appellant advanced an alternative argument that a novation occurred during the meeting between respondents, appellant, and Montgomery in the summer of 1968 that released him from liability on the note. It appears however, that appellant failed to submit a proposed finding to the district court to the effect that respondents had agreed to release him from liability on the note and to substitute Montgomery in appellant's place. Hence appellant cannot cite the district court for error based on a finding which he has not requested. See Mahoney v. Lester, 118 Mont. 551, 556, 168 P.2d 339 and cases cited therein; Bissell v. Bissell, 129 Mont. 187, 199, 284 P.2d 264.

Appellant also argued that the district court's findings were erroneous because it found appellant liable on the note as a surety or guarantor of the Georgetown Recreation Corporation. We are frankly bewildered by this claim since the district court specifically found that the Georgetown Recreation Corporation was a nonexistent fiction. Therefore we find no basis for appellant's argument and disregard it.

As to the cross appeal by respondents for reasonable attorney fees provided for in the promissory note, we are particularly concerned with respondents' failure to present any proof to the district court on this issue. While no Montana case speaks directly to the case where the terms of a promissory note provide for the award of reasonable attorney's fees in case of a suit on the note, this Court did set forth the following criteria for the award of attorney's fees in the early case of Forrester & MacGinniss v. B. & M. Co., 29 Mont. 397, 409, 74 P. 1088:

"The authorities are unanimous in holding
that the plaintiffs are entitled to recover
a reasonable attorney fee, and for the purpose
of determining the amount of such fee the follow-
ing rule has been laid down:  'The circumstances
to be considered in determining the compensation
to be recovered are the amount and character of
the services rendered, the labor, time and trouble
involved, the character and importance of the
litigation in which the services were rendered,
the amount of money or the value of property to
be affected, the professional skill and exper-
ience called for, the character and standing in
the profession of the attorneys. * * * The result
secured by the services of the attorneys may be
considered as an important element in determining
their value.'"

Clearly this rule is based on the assumption that evidence will be introduced to the trial court.

To be sure there is a split among the states as to the need for proof of a reasonable attorney's fee when one is contracted for or appears on the face of a note.  See 18 A.L.R.3d 733, 736, 740.  But in contested cases we are inclined to follow those states requiring the introduction of proof from which a reasonable fee may be determined.  To award a fee in such a case without proof would be to disregard the fundamental rules of evidence.  An award of fees, like any other award, must be based on competent evidence.  See Lyle v. Lyle, (Fla. 1964) 167 So.2d 256, 257.  Furthermore the proper determination of a legal fee is central to the efficient administration of justice and the maintenance of public confidence in the bench and bar.  See Baruch v. Giblin, 122 Fla. 59, 164 So. 831, 833.  Because of respondents' failure of proof the award of fees was properly denied.

Respondents also find error in the district court's failure to award damages and costs to respondents for repairs and replacement of equipment connected with the Brown Derby.  In reviewing the Judge's findings we need only determine whether there is substantial evidence to support them and we will not

reverse such findings unless there is a clear preponderance of evidence against such findings. See Cope v. Cope, 158 Mont. 388, 493 P.2d 336; Smith v. Krutar, 153 Mont. 325, 457 P.2d 459, and Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48. We do not find the evidence clearly preponderates against the district court's finding. Respondents offered expert testimony based on inspection of the premises one day before trial and almost 18 months after Montgomery vacated. This expert had no knowledge of the Brown Derby's condition in September 1972 or of its condition in 1966 leaving more than a little doubt as to its probative value. Even respondents' own testimony as to missing items was based on a view made sometime after the Brown Derby had been vacated in September 1972. Respondents' cross appeal on this issue cannot succeed based on the weak proof which they offered to the district court.

One portion of the district court's award, Judge Freebourn's amended judgment of August 29, 1974, granting respondents " * * * whatever amount is required to correct title to the land in dispute herein, not to exceed $35,000. * * *" (Emphasis added) does trouble this Court. The land in dispute is about 1.9 acres in size, yet the only mention in the record concerning its $35,000 value was a reference to Mrs. Hartley's proposed selling price for a 35-40 acre parcel which contained the disputed 1.9 acres. This is obviously insufficient proof upon which to base the award, and therefore we must reverse that portion of the judgment and remand that portion of the judgment to the district court for more further proceedings if necessary. Such proceedings must be initiated by the respondent here within thirty days of remittitur or shall be deemed abandoned.

Finally we address ourselves to a few technical corrections of Judge Freebourn's finding of fact and amended judgment.

- 8 -

Respondents' findings of fact VII and VIII are stricken to conform to Judge Freebourn's conclusion that no costs for repairs or damages for missing equipment etc. be awarded. Judge Freebourn's amended judgment of August 29, 1974, is also corrected to allow respondents to recover $17,723.83 in order to conform to his denial of attorney's fees to the respondents.

The district court's judgment is affirmed.

_____
                        Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices