No. 13134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

———————

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

HAROLD CHESTER LAHR,

Defendant and Appellant.

———————

Appeal from: District Court of the Eleventh Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Bradley B. Parrish argued, Lewistown, Montana

For Respondent:

Hon. Michael Greely, Attorney General, Helena,
Montana
J. Mayo Ashley, Assistant Attorney General, argued,
Helena, Montana
William Spoja, Jr., County Attorney, Lewistown,
Montana
Robert L. Knopp, Deputy County Attorney, appeared,
Lewistown, Montana

———————

Submitted: January 21, 1977

Decided: FEB 24 1977

Filed: FEB 24 1977

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal concerns probable cause for an arrest for illegal possession of dangerous drugs. The district court, Fergus County, after hearing on a motion to suppress held sufficient probable cause existed for the arrest. Thereafter defendant Harold Lahr was tried and convicted of the charge.

On the evening of September 7, 1974, defendant Harold C. Lahr and Richard Biehl drove from Moore, Montana to Denton, Montana in Lahr's automobile. Sheriff's Deputy David Sirucek was on duty in Denton that evening and noticed Lahr and Biehl as they entered town. Sirucek, who had positioned himself nearby, observed Lahr and Biehl conversing with one John Linse. Deputy Sirucek was aware of Linse's previous drug related arrests. Using binoculars, Deputy Sirucek observed what he believed to be a transaction take place between the parties. Sirucek testified that a package appeared to change hands, however, he had no idea what kind of package, only that the circumstances were somewhat suspicious.

Lahr and Biehl left Denton soon after their conversation with Linse and proceeded toward Lewistown, Montana. Deputy Sirucek then radioed Deputy Randle Cordle in Lewistown and informed him of the suspicious transaction. He asked Cordle to "pick them up when they came into Lewistown to see what they were up to."

Deputy Cordle positioned his unmarked patrol car approximately four to five miles outside Lewistown and waited for the Lahr vehicle. As the Lahr vehicle approached Lewistown, Deputy Cordle followed the car for approximately three miles at a distance of one to four car lengths. Lahr testified he considered the

vehicle following him so closely a dangerous situation and attempted to have that vehicle pass him. He further testified he slowed and waved for the following vehicle to pass.

Deputy Cordle testified that while following the Lahr vehicle he observed it swerve over the center line of the highway twice and go onto the shoulder three times. Cordle stated he considered Lahr's manner of driving reckless in light of the fact the cars were only traveling from 35 to 40 miles per hour, so he displayed his flashing red light and Lahr pulled to the side of the road. Both Deputy Cordle and Lahr alighted from their vehicles and Deputy Cordle asked to see Lahr's driver's license. Lahr returned to his car to get his license. As he was retrieving it from his coat pocket, Deputy Cordle observed a quantity of what he believed to be marijuana in the console between the front seats of Lahr's car. At that time Cordle placed Lahr and Biehl under arrest for illegal possession of dangerous drugs. At no time was Lahr charged with any driving violation. Lahr was found guilty of illegal possession of dangerous drugs; Biehl was found not guilty of that charge.

Whether there was probable cause for the arrest is the issue before this Court on appeal.

Section 95-608(d), R.C.M. 1947, provides the circumstances under which peace officers may make a warrantless arrest, it states:

"A peace officer may arrest a person when:

"* * *

"(d) He believes on reasonable grounds, that the person is committing an offense, or that the person has committed an offense and the existing circumstances require his immediate arrest."

See: State ex rel. Glantz v. District Court, 154 Mont. 132, 461 P.2d 193; State v. Fetters and Lean, 165 Mont. 117, 123, 526 P.2d 122; State v. Bennett, 158 Mont. 496, 493 P.2d 1077.

However, the validity of an arrest under section 95-608(d), is determined by the presence of probable cause. In Fetters and Lean the Court stated the well-established rule in Montana:

> "Whether the arrests are valid depends, in turn, upon whether at the moment the arrests were made the officers had probable cause- i.e. whether at that moment the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing defendants had committed or were committing an offense and the circumstances required their immediate arrests. Section 95-608(d), R.C.M. 1947; State v. Bennett, supra; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879."

It is clear that neither Deputy Sirucek nor Deputy Cordle had probable cause to arrest Lahr. Deputy Sirucek had a suspicion that an illegal transaction had taken place in Denton, but nothing more. On cross-examination at a hearing on a motion to suppress he testified:

> "Q. You saw what you thought was a suspicious transaction and you--why didn't you arrest them if you thought something was going on? A. I had no grounds for an arrest.
>
> "Q. You had no grounds for an arrest? A. No sir.
>
> "Q. And yet you called Officer Cordle and said there was something suspicious? A. Yes, sir."

Deputy Cordle testified he initially stopped Lahr for a driving violation, however a traffic citation was never issued. Clearly, the traffic stop was merely a pretext used by Deputy Cordle to follow up on the call received from Deputy Sirucek. Hence, Deputy Cordle was also acting on a mere suspicion.

The evidence required to establish guilt is not necessary to prove probable cause for an arrest, however good faith or mere

suspicion on the part of arresting officers is not enough. State v. Fetters and Lean, supra; State ex rel. Wong You v. District Court, 106 Mont. 347, 78 P.2d 353. Furthermore, an arrest is not justified by what the subsequent search discloses. State v. Fetters and Lean, supra; Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L. ed 2d 134; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L ed 543.

We reverse on the grounds of lack of probable cause for the arrest.

_____
Justice.

We Concur:

_____
Chief Justice

_____
Justices.

- 5 -

Justice Frank I. Haswell dissenting:

In my view the conviction should be affirmed. The admissibility of the dangerous drugs and smoking paraphernalia depends on whose version of the facts is accepted, Deputy Cordle's or defendant's. The district court must have accepted Deputy Cordle's version or the court would not have denied the defendant's motion to suppress. This Court should not reverse this implied factual finding based on circumstantial, though conflicting, evidence. If there is no clear preponderance of evidence against the district court's factual determination, it should not be disturbed on appeal. Crncevich v. Georgetown Recreation Corporation, ___Mont.___, 541 P.2d 56, 32 St.Rep. 963, and cases cited therein.

As I see it, the events in Denton are irrelevant and furnish no basis for stopping defendant's car. But according to Deputy Cordle the defendant's vehicle twice swerved over the centerline and three times went onto the shoulder of the road in Deputy Cordle's presence. This gave Deputy Cordle a right to stop the vehicle and ask to see the defendant's driver's license. In this process Deputy Cordle observed in plain view the two roaches of marijuana cigarettes, a film cannister used to contain marijuana, and a hash pipe. Thereafter he placed the defendant under arrest.

The majority cite section 95-605(d), R.C.M. 1947, as amended, as detailing the circumstances under which an officer may make a warrantless arrest. One of these circumstances is where, as here, an offense is committed in the officer's presence. Normal police procedure incident to a traffic stop is a request to see the person's driver's license. During this process Deputy Cordle observed the dangerous drugs in plain view. At this point he had probable cause to arrest the defendant. This is in accord with our holding in State v. Fetters and Lean and

- 6 -

the other cases cited by the majority.

The majority point out that the defendant was never arrested on the traffic charge and therefore conclude that the traffic offense either did not occur or that it was a mere subterfuge to get a look in defendant's car. This is pure supposition, in my view, as common experience demonstrates that in many cases where a second more serious crime is discovered while investigating a lesser offense, the person is frequently not charged with the lesser offense.

What the majority have done here is accept the version of defendant that his erratic driving was the result of tailgating by Deputy Cordle in preference to Deputy Cordle's version to the contrary. In so doing they have made an independent factual determination contrary to that made by the district court in denying defendant's motion to suppress.

For these reasons I respectfully dissent.

_____
Justice