MR. JUSTICE HASWELL
dissenting:
In my view the conviction should be affirmed. The admissibility of the dangerous drugs and smoking paraphernalia depends on whose version of the facts is accepted, Deputy Cordle’s or defendant’s. The district court must have accepted Deputy Cordle’s version or the court would not have denied the defendant’s motion to suppress. This Court should not reverse this implied factual finding based on circimstantial, though conflicting, evidence. If there is no clear preponderance of evidence against the district court’s factual determination, it should not be disturbed on appeal. Crncevich v. Georgetown Recreation Corporation, 168 Mont. 113, 541 P.2d 56, and cases cited therein.
As I see it, the events in Denton are irrelevant and furnish no basis for stopping defendant’s car. But according to Deputy Cordle the defendant’s vehicle twice swerved over the centerline and three times went onto the shoulder of the road in Deputy Cordle’s presence. This gave Deputy Cordle a right to stop the vehicle and ask to see the defendant’s driver’s license. In this process Deputy Cordle observed in plain view the two roaches of marijuana cigarettes, a film canister used to contain marijuana, and a hash pipe. Thereafter he placed the defendant under arrest.
The majority cite section 95-605(d), R.C.M.1947, as amended, as detailing the circumstances under which an officer may make a warrantless. arrest. One of these circumstances is where, as here, an offense is committed in the officer’s presence. Normal police procedure incident to a traffic stop is a request to see the person’s driver’s license. During this process Deputy Cordle observed the dangerous drugs in plain view. At this point he had *37 probable cause to arrest the defendant. This is in accord with our holding in State v. Fetters and Lean and the other cases cited by the majority.
The majority point out that the defendant was never arrested on the traffic charge and therefore conclude that the traffic offense either did not occur or that it was a mere subterfuge to get a look in defendant’s car. This is pure supposition, in my view, as common experience demonstrates that in many cases where a second more serious crime is discovered while investigating a lesser offense, the person is frequently not charged with the lesser offense.
What the majority have done here is accept the version of defendant that his erratic driving was the result of tailgating by Deputy Cordle in preference to Deputy Cordle’s version to the contrary. In so doing they have made an independent factual determination contrary to that made by the district court in denying defendant’s motion to suppress.
For these reasons I respectively dissent.