No. 13739

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

STATE OF MONTANA,

        Plaintiff and Appellant,

   vs.

NORMAN BENJAMIN MARSHALL,

        Defendant and Respondent.

_____

Appeal from:  District Court of the First Judicial District,
           Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Thomas Budewitz, County Attorney, Townsend, Montana
        Robert Yunck argued, Cut Bank, Montana

    For Respondent:

        Hooks and Sherlock, Townsend, Montana
        Patrick F. Hooks  argued, Townsend, Montana

_____

                    Submitted:  September 15, 1977

                      Decided: NOV -

Filed:

*Thomas J. Kearney*
                         Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The state of Montana brings this appeal from an order of the District Court, Broadwater County, suppressing certain evidence the state sought to introduce in the trial of defendant, Norman Benjamin Marshall, charged with possession of dangerous drugs. The evidence in question is a container of marijuana seized from under the seat of a truck driven by defendant. The order suppressing the evidence did not specify findings of fact or conclusions of law, and therefore the issue is whether the search of the truck driven by defendant and the seizure of dangerous drugs found therein was lawful.

On Saturday afternoon, October 16, 1976, Officer Walrod, driving on Highway 287 north of Townsend, Montana, saw a truck driven by Marshall with two companions, Larry Wing and Miss Cathy Cross. Walrod knew Wing did some fishing and they were headed toward the Missouri River. He then radioed the fish and game warden, because he "thought they might be doing some fishing and it might not hurt to check them out." There was no evidence any of the three occupants of the truck ever got near the river and the fish and game warden, Jim Bird, admitted he did not check them out for fishing. Warden Bird was dispatched by Walrod to check the truck and its occupants.

Warden Bird testified that as he drove up the Indian Creek Road he approached the truck which was stopped on the road and thought Cathy Cross said, from his lip reading, "Here comes Jim Bird". Bird stated he thought they were all hiding something so he went up on a hill about 200 yards distant and looked at them through a 60 power spotting scope. In answer to questions from

the trial judge, Bird stated he was looking in the rear window of the truck at the occupants from behind and admitted he could not see below the seat level. The significant fact of Bird's testimony, relied upon by the state, is his statement:

> "* * * I saw Mr. Marshall get something from right here (indicating) and reach down underneath the vehicle or underneath the seat with his left hand, leaning towards Cathy Cross, and stuff it under the seat, and I informed Officer Walrod of this when I called him on the radio."

Warden Bird admitted that all he saw was an arm movement and he could not see what the object was from his position. Further, Bird testified he saw the occupants smoking, but did not know whether it was a pipe, a cigarette or what, but as far as he knew it could have been tobacco. Walrod testified Bird radioed him about the driver leaning over and putting something under the seat and that they were smoking something. At that time Walrod did not have any idea how far away Bird was from the vehicle. There were no reports of any fishing violation.

Acting solely on the information supplied by radio from Bird, Walrod drove to a point near the intersection of the highway and the Indian Creek Road and stopped the vehicle. Walrod then went up to the truck, stated he detected an odor of marijuana and ordered Marshall to get out of the truck and empty his pockets.

Before this Court concerns itself with the issue of the search and seizure, we face the threshold question which is: Was the "stop" of the defendant supported by probable cause and thus reasonable and therefore constitutional?

A recent decision of this Court which is very close in point of fact and law is State v. Lahr, ____Mont._____, 560 P. 2d 527, 34 St.Rep. 90 (1977). There, an officer was watching the

defendant and two other persons through binoculars. As in the instant case, the officer was aware of the individual's reputation as a known drug user. The officer testified a package appeared to change hands; he had no idea what kind of package, only that the circumstances were somewhat suspicious and he saw something, but he did not know what it was. In Lahr the observing officer radioed another officer who stopped the vehicle on an alleged driving violation. While making the arrest on the driving violation, the officer saw marijuana on the console of defendant's car and defendant was arrested for illegal possession of dangerout drugs. The defendant was never charged with a driving violation. Again, compare with the instant case. Here, Officer Walrod did not even look for a pretext. He stopped the car when it came down the Indian Creek Road and clearly this was before he could detect any smell of marijuana. This Court, in Lahr, held that neither officer had probable cause to arrest the defendant and stated:

> "The evidence required to establish guilt is not necessary to prove probable cause for an arrest, however good faith or mere suspicion on the part of arresting officers is not enough. * * * Furthermore, an arrest is not justified by what the subsequent search discloses." 34 St.Rep. 93.

Warden Bird in the instant case had only his suspicions, related heretofore. Officer Walrod, the arresting officer, was not present at the scene and had only the suspicions that Warden Bird told him over the radio. Thereafter, based solely on Warden Bird's conjecture and speculation the automobile being driven by defendant Marshall down a country road on a Saturday afternoon was stopped.

The stop of the automobile and subsequent events were without probable cause, therefore the District Court's order to suppress the evidence is affirmed.

Gene B Daly
Justice

We Concur:

_____
Chief Justice

_____
Frank I. Haswell

_____
John Conway Harrison

_____
Daniel J. Shea
Justices.