IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14514

---

GLADYS THELMA DOWNS,

　　　　Plaintiff and Respondent,

v.

ROBERT FRED DOWNS,

　　　　Defendant and Appellant.

---

ORDER

---

This Court having considered the petition for rehearing and the petition for clarification filed by appellant in the above entitled cause, the Opinion of this Court is amended as follows: Page 7 is deleted in its entirety (except for signatures) and the following paragraphs are to be inserted in its place:

　　　　The final matter for consideration is directed at the award of attorney fees in the amount of $50,000. The record discloses it was stipulated and agreed to by counsel for both respondent and appellant that respondent's attorney fees were to be paid by the respondent, Mrs. Downs, out of any judgment received by her. Therefore, the cases of this Court cited by appellant, Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 541 P.2d 56; First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 547 P.2d 1328; and In re Marriage of Barron (1978), ____ Mont. ____, 580 P.2d 936, 35 St.Rep. 891, are not applicable. Therefore, the fees set by Judge Gulbrandson

-1-



and agreed to by stipulation of the parties, to be paid by respondent, Mrs. Downs, are approved.

The judgment of the trial court is affirmed.

The petition for rehearing is hereby denied.

DATED this _12th_ day of April, 1979.

_Frank I. Haswell_
Chief Justice

_Gen B Daly_

_John Conway Harrison_

_Daniel J Shea_
Justices

Mr. Justice John C. Sheehy did not participate.

No. 14514

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

GLADYS THELMA DOWNS,

       Plaintiff and Respondent,

   -vs-

ROBERT FRED DOWNS,

       Defendant and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
             Hon. L. C. Gulbrandson, Judge presiding.

Counsel of Record:

   For Appellant:

      Robert L. Stephens, Jr., Billings, Montana
      Hibbs, Sweeney & Colberg, Billings, Montana

   For Respondent:

      Lucas and Monaghan, Miles City, Montana
      James E. Seykora, Hardin, Montana

_____

Submitted on briefs:  February 16, 1979

Decided: MAR 2 3 1979

Filed: MAR 1 4 1979

Thomas J. Kearney

                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by respondent Robert Downs from a judgment entered in the District Court of the Thirteenth Judicial District, Big Horn County, Montana, the Honorable L. C. Gulbrandson presiding.

This case was previously before this Court in 1976 wherein on appeal we reversed the judgment of the lower court and ordered a new trial concerning the distribution of marital property. See Downs v. Downs (1976), 170 Mont. 150, 551 P.2d 1025.

The fact situation is set forth in the above cited action and will serve for the facts in this case.

Appellant sets forth four issues for review:

1. Did the District Court err in failing to make specific findings of fact and conclusions of law concerning the elements specified in section 48-321, R.C.M. 1947, now section 40-4-202 MCA?

2. Did the District Court err in entering a judgment which contained material variances from its findings of fact and conclusions of law?

3. Did the District Court abuse its discretion in its distribution of the assets and liabilities of the parties?

4. Did the District Court err in making an award of attorney's fees without evidence of amount or reasonableness?

We note that three of the issues concern whether or not the District Court erred in its distribution of the assets of the marriage. We will discuss these issues together.

This Court, in returning the first appeal, noted the unreliability of the record as to the net worth of appellant at the time of the marriage and at the time of the

divorce. For this reason the judgment in the earlier trial was set aside. It is also to be noted that counsel on appeal is not the same counsel that tried either of the cases below but appears here only as counsel of record on appeal. The case was remanded to the lower court to determine the true net worth of appellant at the time of his marriage.

In again reviewing this record after two years, we note that efforts were made to schedule the matter for trial on two separate occasions. Additional discovery was accomplished and new testimony and documentary evidence has been introduced for our consideration on this second hearing. Appellant's main thrust on appeal is that the lower court erred in not setting forth specific findings of fact, conclusions of law, and that the record does not support the findings of fact and conclusions of law.

We observe that throughout both the first and the second hearing, appellant was neither eager nor helpful in giving the trial court sufficient information concerning his net worth at the time of the marriage in 1956. Throughout the two-year period it was respondent who seems to have made the efforts to locate, uncover and discover appellant's assets at the time of the marriage. Two depositions were taken of appellant to solicit the information needed to establish the assets at the time of the marriage and at the time of the divorce. It appears from the record that appellant made little effort and was resistant to the efforts of respondent in acquiring the information needed to decide the question of assets. We do not feel that the trial judge must become an appraiser, an accountant, a computer, and an all-around genius to appropriately decide the facts as

-3-

established by the documentation given at trial. It is the parties' duties to assist the trial court in getting this information so a proper judgment is made as to their mutual assets.

The elements for the trial court's consideration in making a disposition of marital property are detailed in section 48-321, R.C.M. 1947, now section 40-4-202 MCA. This Court has held in a number of recent cases that the trial court must make specific findings concerning the value of the parties' assets at the time of marriage and at the time of dissolution. Appellant sets forth a number of cases: In re Marriage of Jorgenson (1979), _____ Mont. _____, _____ P.2d _____, 36 St.Rep. 233; Vivian v. Vivian (1978), _____ Mont. ___, 583 P.2d 1072, 35 St.Rep. 1359; Capener v. Capener (1978), _____ Mont. _____, 582 P.2d 326, 35 St.Rep. 1026; and, In re Marriage of Johnsrud (1977), _____ Mont. _____, 572 P.2d 902, 34 St.Rep. 1417.

In Jorgenson this Court affirmed a District Court decision which awarded the husband assets valued at approximately $693,000 and the wife assets valued at approximately $83,000. There the District Court relied upon the fact that a substantial portion of the assets were acquired by the husband prior to the marriage and had increased in value solely by reason of inflation. Jorgenson can be factually distinguished from the present case. In Jorgenson most of the assets of the husband had been given to him by his father prior to the marriage. In this case the base of appellant's wealth occurred in the swapping of and purchasing of farm property. At the time of the marriage the value could not have been more than approximately $120,000. It was on this basic acquisition of property that appellant was

-4-

able to develop an estate that, at the time of the separation and divorce, was valued at over two million dollars.

We hold that _Jorgenson_ is not controlling in this matter, but rather look to another recent case of this Court, Robertson v. Robertson (1978), ____ Mont. ____, 590 P.2d 113, 35 St.Rep. 1889. In _Robertson_ we found that the trial court did not weigh the factors enumerated in section 48-321, R.C.M. 1947, now section 40-4-202 MCA, in considering the distribution of the assets of the couple; nor was there any indication that the court assessed the value of the total marital estate and made an effort to equitably apportion it. Here, we have a situation where the trial court carefully weighed all the factors involved in assessing the value of the marital estate. It made a valiant attempt to equitably apportion the assets even though it was not given the full support of appellant in ascertaining those assets.

At trial respondent, through her attorney, gave the trial court a breakdown showing the assets at the time of the first trial, at the second trial, and at the date of marriage, by both testimony and documentary evidence. The figures show that, at the time of his marriage, appellant's assets were valued somewhere between $92,035.57 and $132,610. These assets increased in value during the marriage to $2,500,000.

The trial court did all it was required to do under the statute to determine the assets of the parties involved. We find no error.

Appellant argues that there are great variances among the findings of fact, conclusions of law and judgment which are not supported by the record. We find no merit to this

argument. The record reveals that both parties were uncertain of the trial court's original findings of fact and conclusions of law. Several documents were filed before the court to amend its conclusions and to clarify some of the issues. On June 1, 1978, an instrument was executed by the then attorneys and filed on June 5, 1978, giving the trial court power to determine all matters relating to the final disposition based on the hearing of June 1, 1978. The court made its final judgment based upon amended conclusions. This judgment does not show sufficient variance from the findings of fact and conclusions of law as to necessitate a rehearing.

We next consider whether or not the effect of the decree distributing the assets of the parties is in conformity with present law. There are sufficient facts here, under section 48-321, R.C.M. 1947, now section 40-4-202 MCA, to indicate that the trial court assessed the value of the total marital estate and did its best to equitably apportion the same. The findings and conclusions reflect a net worth of the parties at the time of the divorce. Although there were small variations concerning the principle and payments on a promissory note, this does not change the basic finding of the value of the property at the time of the marriage and value at the time of the divorce.

Appellant argues that the court did not take into consideration the tax consequences of its judgment. We find no merit to this argument. The court carefully considered the testimony given by Mr. Bob White, a tax expert. This testimony did not in any way defeat the type of property settlement made here by the trial court.

The final matter for consideration is the award of attorney's fees. Pursuant to a stipulation between counsel in this matter, the trial court awarded attorney's fees in the amount of $50,000. Appellant argues that recent cases of this Court hold that a showing must be made on the reasonableness of attorney's fees. Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 541 P.2d 56; First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 547 P.2d 1328; and, In re Marriage of Barron (1978), ____ Mont. ____, 580 P.2d 936, 35 St.Rep. 891. Respondent argues that counsel, by stipulation and by a copy of a letter to the trial court, gave the trial judge the power to award attorney's fees, as he did in the judgment.

In the above cited cases, this Court held that a hearing must be held on attorney's fees. The matter is therefore returned for that purpose.

Judgment of the trial court on the merits is affirmed. The cause is remanded to the trial court for an evidentiary hearing to determine attorney's fees.

_____
                    Justice

We concur:

_____
        Chief Justice

_____

_____
        Justices

Mr. Justice John C. Sheehy did not participate in this cause.

-7-