No. 79-112

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

CONTINENTAL INSURANCE COMPANY and
RAYMOND CORCORAN TRUCKING, Employer,

                    Defendant and Appellant,

        vs.

RICHARD B. HORTON,

                    Claimant and Respondent.

---

Appeal from:  Workers' Compensation Court
              Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Pedersen, Herndon, Harper & Munro, Billings, Montana

    For Respondent:

        William T. Kelly, Billings, Montana

---

                        Submitted on briefs: April 24, 1980

                                Decided:  JUL 22 1980

Filed:  JUL 22 1980


_Thomas J. Kearney_
                              Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Continental Insurance Company appeals from an order of the Workers' Compensation Court denying the Insurance Company's motion for an evidentiary hearing prior to a judicial determination of an award of attorney fees and costs.

Richard B. Horton (claimant) was injured in an industrial accident on May 28, 1975. His injury arose out of and in the course of his employment. Initially, the Insurance Company paid claimant his proper disability rate and certain medical expenses. During approximately the next 18 months the claimant sought additional medical assistance for his injury and underwent two operations. By June, 1977, the Insurance Company was refusing to pay certain medical expenses incurred by claimant. They also refused to pay claimant's full disability rate. As a result, claimant filed a petition for an emergency hearing before the Workers' Compensation Court. That Court entered findings of fact, conclusions of law and judgment in claimant's favor.

The judgment awarded attorney fees and costs to claimant pursuant to section 92-616, R.C.M. 1947 [now section 39-71-611, MCA]. Claimant's attorney submitted a statement to the Workers' Compensation Court claiming attorney fees and costs incurred in the case totaling $3,355.19. Subsequently, the Insurance Company filed a petition requesting a hearing on the question of attorney fees.

A hearing was held before the Workers' Compensation Court for the limited purpose of hearing arguments on whether a hearing on attorney fees should be granted. The Workers' Compensation Court entered an order granting Horton's motion for leave to verify his previously filed statement for attorney fees and costs, and denied the Insurance Company's motion for an evidentiary hearing prior to an award of attorney fees and costs.

This appeal followed.

The sole issue, as framed by appellant Insurance Company, is whether the 1979 amendment to section 39-71-611, MCA, providing that attorney fees shall be established by the Workers' Compensation judge instead of the Division of Workers' Compensation requires the opportunity for an evidentiary hearing, including sworn testimony and cross-examination prior to the judicial determination and award of attorney fees.

In 1979, section 39-71-611, MCA, was amended. Prior to the amendment this statute read:

> "In the event the insurer denies the claim for compensation or terminates compensation benefits, and the claim is later adjudged compensable, by the division or on appeal, <u>the insurer shall pay reasonable costs and attorneys' fees as established by the division</u>..." (Emphasis added.)

After the amendment this statute read:

> "In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, <u>the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge.</u>" (Emphasis added.)

For the purposes of this case, the only pertinent distinction between this statute as it existed prior to the amendment and after the amendment is the substitution of "workers' compensation judge" for "division."

In 1978, prior to the amendment, this Court decided the case of Smith v. Pierce Packing Co. (1978), ____Mont.____, 581 P.2d 834, 35 St.Rep. 979. In <u>Smith</u>, as in the present case, the appellant contended that an award of attorney fees was improper for the reason that no evidence of such fees was adduced before the Workers' Compensation Court. In <u>Smith</u>, as in the present case, the appellant cited Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 541 P.2d 56, for the proposition

that evidence must be introduced in the District Court to demonstrate the proper amount of attorney fees. This Court's response to the appellant's contention in Smith was as follows:

> "Further, claimant argues that no evidence per se of attorney fees need be presented in a workers' compensation case, as the procedure entails submission of a verified petition to the division, setting forth the number of hours spent and services performed. The division administrator then reviews the petition and sets a 'reasonable fee'. We concur." ____Mont.____, 581 P.2d at 838, 35 St.Rep. at 984.

In other words, the rules pertaining to attorney fees as enunciated in Crncevich do not apply in workers' compensation cases. In the present case, the appellant contends that the amendment to section 39-71-611, MCA, requires us to overrule Smith and apply the Crncevich rule to workers' compensation cases. We decline to so hold.

The amendment, noted above, merely changes the party who sets the reasonable fee. The amendment to section 39-71-611, MCA, does not change the Smith decision. The statute both before and after the amendment does not require an evidentiary hearing to determine attorney fees in workers' compensation cases. The method used to fix attorney fees is discretionary with the Workers' Compensation judge, and the matter of allowing a hearing concerning attorney fees is also discretionary. The failure to allow such a hearing is not per se an abuse of discretion. In the present case, the appellant's only allegation of abuse of discretion is the failure to provide a hearing on attorney fees. Since we hold that such a hearing is not required for workers' compensation cases, the Workers' Compensation Court is affirmed.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -