MR. JUSTICE HARRISON,
concurring in part and dissenting in part.
I concur in the majority’s decision to remand this case to the Workers’ Compensation Court. However, my views are not in complete accordance with the majority.
For the most part, I agree with the majority’s view of the net recovery concept, however, I would have expanded somewhat. The majority frames the question of net recovery as follows: “whether a successful claimant for Workers’ Compensation benefits should be required under the statutes to pay any part of his incurred attorneys fees.” The majority thoroughly discussed the net recovery concept as *118 well as the ultimate purpose of Workers’ Compensation legislation to reach the conclusion that: “[i]t is clear to us that it is the objective of the statutes allowing attorneys fees in compensation cases to preserve intact the eventual award recovered by the claimant for his impairment, by assessing in addition his attorneys fees and costs against the insurer and employer.” I completely agree, however, I would respectfully add the following comments.
Any award of attorneys fees under section 39-71-611, MCA, is a complete award. The claimant’s attorney cannot seek further compensation from his client based on any contractual arrangement. The statute empowers the Workers’ Compensation judge to award “reasonable costs and attorneys’ fees;” thus anything claimed beyond the amount set by the court must be deemed unreasonable; even though (as in this case) any excess had previously been approved by the Workers’ Compensation Division. There cannot exist two standards of reasonableness; one arising out of an attorney/client contract approved by the Division, and one applied by the Compensation Court.
My view of the net recovery concept is a shade different from the majority’s view. In theory, we fully agree; net recovery means that a claimant’s benefits should not be reduced by attorneys fees and costs. Our difference must be in how a net recovery comes about and this involves the discretion of the Workers’ Compensation judge.
The majority addresses this issue by asking: “how does a claimant’s contingent fee contract with his attorney affect the discretion of the Workers’ Compensation judge in fixing attorneys fees to be awarded to the claimant?” In answering this question, the majority states:
“[i]n considering Wight’s contingent fee contract with his attorney, the Workers’ Compensation judge should accept the approved contract as having a strong presumption in its favor. If the judge does not set a fee in accordance with the contingent fee contract, he shall state with particularity his reasons in writing, based upon strong countervailing evi *119 dence, why the contingent fee contract is not followed by him, and precisely that weight he accorded to the contingent fee contract.”
The majority very narrowly defines the discretion of the Workers’ Compensation judge. I believe a broader interpretation is correct. There exists an important reason for allowing broad discretion. In these situations, before negotiation of an attorney/client fee contract, the attorney and claimant may realize that if they are successful, the insurer will be liable for payment of the fee. Thus, there is an incentive to set the fee as high as possible. A similar situation has occurred in eminent domain cases. In one such case this Court stated:
“Here, since the state or political subdivision must pay the attorney fees, there is even a stronger reason to remand the instant case for consideration of the factors set out in Crncevich and Tholkes. Under the 1889 Constitution, fees in condemnation cases were percentage contingency fees. In the private agreements the parties protected their own interests, but where the fee is to be paid by the state there is no incentive for the landowner to bargain to keep the percentage reasonable.” Rauser v. Toston Irr. Dist. (1977), 172 Mont. 530, 546, 565 P.2d 632, 641.
In workers’ compensation cases, fee agreements must first be approved by the Division; thus, one could argue that the idea expressed in Rauser is not applicable. However, in my view, the Division’s rule is not comprehensive enough to insure that in particular cases the fee approved will be reasonable. An excellent example is the case before us. The second contract was approved, it should not have been. In other words, a particular agreement may conform to the division’s rule, yet in some circumstances, may be unreasonable. Consequently, the Workers’ Compensation judge must have broad discretion in making an award.
Furthermore, I do not believe it is correct to require the judge to base his award on a particular method. However, if a claimant and his attorney have entered into a contingent *120 fee agreement, I clearly recognize such a fact deserves special consideration. Not inappropriate at this juncture are the remarks of Clement F. Haynsworth, Jr., Chief Judge of the Fourth Circuit, in McKittrick v. Gardner (1967), 378 F.2d 872, 875, in a case involving a contingent fee in a social security benefits claim:
“While the judge must approve the reasonableness of the fee in every case and may not unquestioningly endorse contingent fee contracts providing for a fee of not more than twenty-five percent of the accrued benefits, there is no prohibition against his consideration of the contingency of compensation. Availability of lawyers to such claimants is of the highest importance, and if a lawyer is to receive no compensation unless there is an award, his compensation is contingent whether or not he has a contract that says so. Most of the disability claimants have no other resources for the payment of fees. The contingency of compensation, whether it stems from am employment contract or results from the claimant’s indigency, is highly relevant in the appraisal of the reasonableness of any fee claim. The effective lawyer will not win all of his cases, and any determination of the reasonableness of his fees in those cases in which his client prevails must take account of the lawyer’s risk of receiving nothing for his services. Charges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is so uncertain.”
Finally, I disagree on the issue of whether or not a hearing is required. The majority suggests that evidentiary hearings on attorney fees will be rare. This means they are not required. I realize that we recently stated: “the matter of allowing a hearing concerning attorney fees is . . . discretionary.” Continental Ins. Co. v. Horton (1980), Mont., 613 P.2d 1011, 1013, 37 St.Rep. 1244, 1246. However, I would overrule Horton and hold that an evidentiary hearing on attorneys fees is required in these situations. I would apply the general rule; “[a]n award of attorney fees, like any other *121 award must be based on competent evidence.” Crncevich v. Georgetown Rec. Corp. (1975), 168 Mont. 113, 120, 541 P.2d 56, 59.
I am fully aware of the heavy workload with which the Workers’ Compensation Court is faced. However, I feel that due process requires an evidentiary hearing on attorney’s fees in section 611 situations. The insurer should have notice and opportunity to be heard to contest requests for awards. Also, the claimant should be able to justify larger awards because of extraordinary circumstances.